## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Romel Balchan

_____

_____

Write the full name of each plaintiff.

-against-

New York City Housing Authority (NYCHA);

_____

Ava-Gay Blagrove; Vincent Eweka;

_____

Patrick O'Hagan

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been assigned)

Do you want a jury trial?

☒ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Romel | | Balchan |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 2 Cortlandt Avenue | | |
|---|---|---|
| Street Address | | |

| New Rochelle | New York | 10801 |
|---|---|---|
| County, City | State | Zip Code |

| 914-383-9660 | romelbalchan@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| New York City Housing Authority (NYCHA) | | |
|---|---|---|
| Name | | |
| 250 Broadway | | |
| Address where defendant may be served | | |
| Manhattan, New York | New York | 10007 |
| County, City | State | Zip Code |

Defendant 2:

| Ava-Gay Blagrove | | |
|---|---|---|
| Name | | |
| 250 Broadway | | |
| Address where defendant may be served | | |
| Manhattan, New York | New York | 10007 |
| County, City | State | Zip Code |

Defendant 3:

Vincent Eweka

Name

250 Broadway

Address where defendant may be served

| Manhattan, New York | New York | 10007 |
|---|---|---|
| County, City | State | Zip Code |

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

New York City Housing Authority (NYCHA)

Name

250 Broadway

Address

| Manhattan, New York | New York | 10007 |
|---|---|---|
| County, City | State | Zip Code |

## III.   CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☒ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: see attached addendum, paragraph 2

☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: see attached addendum, paragraph 2

☒ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐  did not hire me

☐  terminated my employment

☐  did not promote me

☒  did not accommodate my disability

☐  provided me with terms and conditions of employment different from those of similar employees

☒  retaliated against me

☒  harassed me or created a hostile work environment

☐  other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

see attached addendum

_____

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.   ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

    ☒   Yes (Please attach a copy of the charge to this complaint.)

        When did you file your charge?   08-3-2021

    ☐   No

Have you received a Notice of Right to Sue from the EEOC?

    ☒   Yes (Please attach a copy of the Notice of Right to Sue.)

        What is the date on the Notice?   10-27-2021

        When did you receive the Notice?   11-01-2021

    ☐   No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

    ☐   direct the defendant to hire me

    ☐   direct the defendant to re-employ me

    ☐   direct the defendant to promote me

    ☐   direct the defendant to reasonably accommodate my religion

    ☒   direct the defendant to reasonably accommodate my disability

    ☒   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

Collect back pay and front pay wages; recoup personal leave time; recoup

pension time; emotional distress, pain and suffering; medical, mental health and

legal consulting fees

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 11-21-2021 | | |
| --- | --- | --- |
| Dated | | Plaintiff's Signature |
| Romel | | Balchan |
| First Name | Middle Initial | Last Name |
| 2 Cortlandt Avenue | | |
| Street Address | | |
| New Rochelle | New York | 10801 |
| County, City | State | Zip Code |
| 914-383-9660 | | romelbalchan@gmail.com |
| Telephone Number | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

Romel Balchan
Name (Last, First, MI)

2 Cortlandt Avenue       New Rochelle    New York          10801
Address                  City            State             Zip Code

914-383-9660                             romelbalchan@gmail.com
Telephone Number                         E-mail Address

11-21-2021
Date                                     Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

**Addendum to Employment Discrimination Complaint for Romel Balchan @ 11/21/2021**

**List of Defendants: (continued)**

      **Defendant 4:** Patrick O'Hagan
              250 Broadway
              Manhattan, New York      New York        10007

**Statement of Facts:**

1. I have been employed by the New York City Housing Authority (NYCHA)'s Environmental Health and Safety Department, in the Lead Hazard Oversight Unit (LOT), as an Associate Public Health Sanitarian level 2, since August 2019. My position is also referred to as Lead Oversight Specialist. I have over 10 years of experience in the Lead Poisoning Prevention Field, and I hold certifications as an EPA Lead Risk Assessor and in Renovation, Remodeling and Painting. My performance evaluations at NYCHA have been in good standing with no disciplinary incidents.

2. I suffer from the disabilities of coronary artery disease, status post myocardial infarction, ischemic cardiomyopathy/congestive heart failure, asthma, prediabetes, and anxiety.

3. I make this disability discrimination and retaliation complaint based on my employer's ongoing failure to reasonably accommodate my disabilities, and retaliation for seeking disability accommodations, under federal, state, and city law. I also bring this action based on violations of the Family Medical Leave Act (FMLA).

4. On or about March 22, 2020, all non-essential businesses were closed in New York City, including my office, by Mayor DeBlasio due to the COVID-19 crisis. All NYCHA employees were expected to telework (from home) where possible, regardless of the need for an accomodation.

5. I first provided information about my disabilities to my supervisor, Vincent Eweka, and the NYCHA Human Resources department on April 7, 2020, via email. The email included a letter from my doctor, dated March 27, 2020, which indicated that I was at high risk for complications due to COVID-19 and that I should be accommodated to continue working remotely from home.

6. On April 30, 2020, Mr. Eweka reassigned me to perform a new field work assignment under the directive of Ms. Blagrove.

7. I conferred with my doctor on May 1, 2020, and sent an email to Mr. Eweka, Ms. Blagrove and Human Resources reiterating that according to my doctor, I should continue working remotely due to my medical condition. My doctor advised me that it was unsafe for me to perform field work in public housing buildings or commute into the city to work in an office building due to my high risk for serious complications if I was to contract COVID-19. I was thereafter provided office-based work that I was permitted to complete remotely from the safety of my home by Mr. Eweka and Ms. Blagrove.

8. On or about April 16, 2021, NYCHA sent a communication to all staff indicating that employees who had been working remotely due to the COVID-19 crisis since March 23, 2020, would begin to return to the office on May 4, 2021. The communication advised staff in need of reasonable accommodations to submit a request to Human Resources.

7. On or before April 26, 2021, Ms. Blagrove sent out an RAR (reasonable accommodation

1

request) Form to all unit staff.  Mr. Eweka advised me to put in my request for reasonable accommodations with Human Resources.  I completed the RAR form, Mr. Eweka approved my request and I emailed it to Human Resources so I could continue working remotely, due to my disability, while NYCHA began returning workers to the office.

8. Between May 4, 2021 and July 2, 2021, while other staff in my unit began returning to the office on a rotating schedule, I remained at home, working remotely, without any question from Mr. Eweka or Ms. Blagrove.  As per NYCHA's policy on reasonable accommodations, the director of the department renders decisions, and therefore, I believed that my request for reasonable accommodations had been formally approved.

9. On July 2, 2021, Mr. Eweka told me to contact Human  Resources for a status update on my reasonable accommodation request, as per Ms. Blagrove's directive. I sent an email that day to Human Resources requesting an update since I had not received an official written determination.

9. On July 8, 2021, Human Resources sent me an email response regarding my reasonable accommodation request. According to their attached letter, I was approved for reasonable accommodations from May 10, 2021 through August 6, 2021.  The letter further stated that I was approved to work remotely from home on days I was expected to report to the office.  On days that I was assigned to the field, I was expected to perform my duties in the field or use personal leave time.   I forwarded this email communication to Mr. Eweka.

10. Later in the day on July 8, 2021, I spoke to Mr. Eweka by phone.  He told me that Ms. Blagrove wanted me assigned to the field immediately to conduct daily inspections.  I was shocked by this new directive because I was under the impression that I was approved to work remotely.  I urged Mr. Eweka to support my request to work remotely because the assignments were essential office-based duties that kept our unit running smoothly.   I then sent an email detailing all of my remote tasks to Mr. Eweka and Ms. Blagrove, asking that they forward the list to Human Resources to clarify my essential role.  Ms. Blagrove refused to forward the email on my behalf.

11. On July 12, 2021, Ms. Blagrove abruptly reassigned all of my office-based tasks to other staff members and assigned me to work in the field every day.  Mr. Eweka notified me of this change of assignment by phone and refused to put my new schedule in an email when I requested the directive be in writing.  As a result, I was forced to schedule personal leave time for days I was assigned to the field beginning on July 13, 2021, in order to continue getting paid.

12. On July 13, 2021, I sent an appeal to Human Resources on their reasonable accommodation determination and I also emailed Mr. Patrick O'Hagan, VP of the Environmental Health and Safety Department, because I felt I was being discriminated against and retaliated against by Ms. Blagrove and Mr. Eweka due to my request for reasonable accommodations. He responded by scheduling  a virtual meeting for July 15, 2021, to address my allegations.

13. During my July 15, 2021, virtual meeting with Mr. O'Hagan, I explained that I felt I was being retaliated against by Ms. Blagrove and Mr. Eweka for requesting to continue my work from home accommodations. I explained that I felt my back was against the wall and I did not want to have to choose between my health and my job. I also informed him that I felt there was a toxic leadership culture within the department.  He informed me that reasonable  accommodations were determined by Human Resources, not by my department.  However, according to NYCHA policies on reasonable accommodations, specific workplace accommodations are actually

2

determined by the director of the program, which in my case was Ms. Blagrove.

14. On July 16, 2021, I had expected to be assigned to office-based work, according to the minutes from a department meeting held on Tuesday, July 13, 2021. However, when I checked my email that morning, I discovered that Mr. Eweka assigned me to work in the field instead.  As a result, I was forced to schedule personal leave time on a day I expected to have as a paid working day.

15. On July 20, 2021, I emailed Mr. O'Hagan to request his assistance in obtaining a weekly schedule so that I could plan in advance for my working day vs. personal leave days.  He replied back that day stating Ms. Blagrove would make that determination. Ms. Blagrove never addressed this request, and Mr. Eweka continued to assign my work location by email on a daily basis.

16. On July 23, 2021, I did not receive an email work assignment from Mr. Eweka.  Without receiving an assignment for the office, which was the only way I could work from home and get paid, I was forced to schedule personal leave time to cover the work day.

17. On July 26, 2021, Mr. Eweka sent an email to the unit stating he was going on vacation and that Sam Awelewa, a similarly situated employee assigned to the field, would be covering for his office-based work during his absence.  Mr. Awelewa had never previously covered for Mr. Eweka in that capacity because the office-based coverage was previously assigned to me, as I was working from home as part of my reasonable accommodations.  When I sent an email request that day for the office-based work to be assigned to me, Ms. Blagrove refused to change the assignment.  Therefore, while Mr. Eweka was on vacation, Mr. Awelewa was pulled from the field to do office-based work while I was assigned to the field and had to take personal leave time in order to get paid.

18. On or about September 13, 2021, I ran out of personal leave time and was forced into an extended leave option by Human Resources because I could not report to my assigned work location in the field due to my medical condition.  As instructed by Human Resources, I submitted FMLA documentation from my doctor and a NYCHA leave of absence form signed by Mr. Eweka to the Human Resources Department via email.

19. On September 23, 2021, Mr. Eweka contacted me numerous times to assign work for me.  I had not worked in two weeks because of my FMLA leave request.  I emailed Human Resources to intervene.  The Human Resources department claimed they did not have my paperwork and requested that I resubmit my documentation for the FMLA leave.  I was advised by a union representative that day to comply with Mr. Eweka's request to do office-based work remotely on the days he requested until Human Resources clarified the status of my FMLA leave.

20. Late in the day on September 27, 2021, Human Resources Supervisor, Angela Mena, sent me an email stating I had been approved for my FMLA leave; however I did not receive an FMLA designation determination letter at that time.  She told me by phone to discontinue working immediately.

21. On or about September 27, 2021, I called the United States Department of Labor because I believed that my FMLA request had been mishandled by Mr. Eweka and NYCHA's Human Resources Department.

3

22. On October 6, 2021, the US Department of Labor opened an investigation into NYCHA's FMLA policies based on an interview and supporting documentation that I provided.

23. On November 5, 2021, the US Department of Labor completed their investigation, in which it informed me that my employer, NYCHA, committed the following FMLA violations against me: 1. Failure to provide Eligibility Notice; 2. Failure to provide Rights & Responsibilities Notice; and 3. Failure to provide Designation Notice.

24. My medical conditions have not allowed me to perform the field work my employer has pressured me to do.  I am being forced to take unpaid FMLA leave when there is work available which I can do from home and there is no undue hardship to let me work remotely.  I would not be on an extended unpaid medical leave if my employer had permitted me to continue my office-based work as a reasonable accommodation for my medical conditions.  I am losing pensionable time and at risk for losing health insurance and other benefits if I am not returned to work with the accommodations I require.  Furthermore, I am fearful that in the event I *need* to take FMLA leave within a 12-month period, I will no longer be eligible and my employment will be in jeopardy.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Romel Balchan<br>2 Cortlandt Avenue<br>New Rochelle, NY 10801 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative<br>**Holly M. Shabazz,** | | Telephone No. |
| **16G-2021-02435** | **State & Local Program Manager** | | **(929) 506-5316** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)     **Charging Party wishes to pursue matter in Federal District Court.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Judy A. Keenan* (signature)

October 27, 2021

Enclosures(s)

**Judy A. Keenan,**
**District Director**

*(Date Issued)*

cc:     **NEW YORK CITY HOUSING AUTHORITY**
**Law Department, Civil Ligation**
**90 Church Street, 11th Floor**
**New York, NY 10007**

**Glass Krakower, Esq.**

## New York State Division of Human Rights
## Employment Complaint Form

Although workers, interns and volunteers of all ages are protected, you must be 18 years or older to file a complaint. A parent, guardian or other person having legal authority to act in the minor's interests must file on behalf of a person under the age of 18.

| **1. Your contact information:** | |
|---|---|
| First Name Romel | Middle Initial/Name |
| Last Name Balchan | |
| Street Address/ PO Box 2 Cortlandt Avenue | Apt or Floor #: |
| City New Rochelle | State NY · Zip Code 10801 |
| If you are filing on behalf of another, provide the name of that person: | Date of birth: · Relationship: |

**2. Regulated Areas:** Check the area where the discrimination occurred:
(If you wish to file against multiple entities, for example employer and temp agency, please file a separate complaint against each.)

- ☑ Employment *(including paid internship)*
- ☐ Internship *(unpaid)*
- ☐ Contract Work *(independent contractor, or work for a contractor)*
- ☐ Volunteer Position
- ☐ by a Labor Organization
- ☐ Apprentice Training
- ☐ by a Temp or Employment Agency
- ☐ Licensing

**3. You are filing a complaint against:**

Employer, Worksite, Agency or Union Name

New York City Housing Authority

Street Address/ PO Box

250 Broadway

| City New York | State NY | Zip Code 10007 |
|---|---|---|

Telephone Number:
(212) 306-8736

In what *county or borough* did the violation take place?

New York County

Individual people who discriminated against you:

| Name: Ava-Gay Blagrove | Title: Director, Environmental Health & Safety Dept. |
|---|---|
| Name: Vincent Eweka | Title: Lead Oversight Team Administrator |

If you need more space, please list them on a separate piece of paper.

**4. Date of alleged discrimination** *(must be within one year of filing)*:

The most recent act of discrimination happened on:

| 7 | 26 | 2021 |
|---|---|---|
| month | day | year |

**5. For employment and internships, how many employees does this company have?**

- ☐ 1-14
- ☐ 15-19
- ☑ 20 or more
- ☐ Don't know

**6. Are you currently working for this company?**

| ☑ Yes. Date of hire: | 8 month | 5 day | 2019 year | What is your position? Associate Public Health Sanitarian II/Lead Oversight Specialist |
|---|---|---|---|---|
| ☐ No. Last day of work: | ___ month | ___ day | ___ year | What was your position? |
| ☐ I was never hired. Date of application: | ___ month | ___ day | ___ year | What position did you apply for? |

**7. Basis of alleged discrimination:**

Check **ONLY** the boxes that you believe were the reasons for discrimination, and fill in specifics only for those reasons. Please look at page 2 of "Instructions" for an explanation of each type of discrimination.

| ☐ **Age:** Date of Birth: _____ | ☐ **Familial Status:** |
|---|---|
| ☐ **Arrest Record** | ☐ **Military Status:** ☐ Active Duty ☐ Reserves ☐ Veteran |
| ☐ **Conviction Record** | ☐ **Marital Status** ☐ Single ☐ Married ☐ Separated ☐ Divorced ☐ Widowed |
| ☐ **Creed/ Religion:** Please specify: _____ | ☐ **National Origin:** Please specify: _____ |
| ☑ **Disability:** Coronary artery disease, status post myocardial infarction, ischemic Please specify: cardiomyopathy/congestive heart failure, asthma, prediabetes | ☐ **Predisposing Genetic Characteristic:** |
| ☐ **Domestic Violence Victim Status** | ☐ **Pregnancy-Related Condition:** Please specify: _____ |
| ☐ **Gender Identity or Expression, Including the Status of Being Transgender** | ☐ **Sexual Orientation:** Please specify: _____ |
| ☐ **Race/Color or Ethnicity:** Please specify: _____ ☐ Trait historically associated with race such as hair texture or hairstyle | ☐ **Sex:** Please specify: _____ Specify if the discrimination involved: ☐ Pregnancy ☐ Sexual Harassment |
| ☐ **Use of Guide Dog, Hearing Dog, or Service Dog** | |

If you believe you were treated differently after you filed or helped someone file a discrimination complaint, participated as a witness to a discrimination complaint, or opposed or reported discrimination due to any category above, check below:

☐ **Retaliation:** How did you oppose discrimination: _____

If you believe you were discriminated against because of your relationship or association with a member or members of a protected category listed above, indicate the relevant category(ies) above, and check below.

☐ **Relationship or association**

**8. Acts of alleged discrimination**: *What did the person/company you are complaining against do? Check all that apply*

| | | | |
|---|---|---|---|
| ☐ Refused to hire me | ☐ Gave me a disciplinary notice or negative performance review | ☑ Denied my request for an accommodation for my disability, or pregnancy-related condition | ☐ Sexual harassment |
| ☐ Fired me/laid me off | ☐ Suspended me | ☐ Denied me an accommodation for domestic violence | ☑ Harassed or intimidated me on any basis indicated above |
| ☐ Demoted me | ☐ Did not call back after lay-off | ☐ Denied me an accommodation for my religious practices | ☐ Denied services or treated differently by a temp or employment agency |
| ☐ Denied me promotion/ pay raise | ☐ Paid me a lower salary than other co-workers doing the same job | ☐ Denied me leave time or other benefits | ☐ Denied a license by a licensing agency |
| ☐ Denied me training | ☐ Gave me different or worse job duties than other workers doing the same job | ☐ Discriminatory advertisement or inquiry or job application | ☑ Other: Denied supervisory responsibilites to cover when supervisor was absent. |

**9. Description of alleged discrimination**

*Tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory. TYPE OR PRINT CLEARLY.*

Please see attached addendum.

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form.  DO NOT WRITE IN THE MARGINS OR ON THE BACK OF THIS FORM.*

Based on the information contained in this form, I charge the herein named respondent(s) with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment). This complaint will protect my rights under federal law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.(If you have another action pending and still wish to file, please contact our office to discuss.)
**PLEASE INITIAL __RB_____**

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

_____
Sign your full legal name

Subscribed and sworn before me
This day of , 20~~ August 3, 2021

_____
Signature of Notary Public

County: Commission expires:
RACHEL BADAL
Notary Public, State of New York
No. 01BA6087097
Qualified in Kings County
Com:          Feb. 10, 2023

*Please note: Once this form is completed, notarized, and returned to the New York State Division of Human Rights, it becomes a legal document and an official complaint with the Division.*

**Additional Information, Page 1:** *This page is for the Division's records and **will not be sent to the company or person(s) whom you are filing against.***

**1. Contact information**

| | |
|---|---|
| **My primary telephone number:** | (917) 375-3196 |
| **My secondary telephone number:** | |
| **My date of birth:** | 1/13/1978 |
| **(Required) My email address:** | romelbalchan@gmail.com |

*The Division uses email, whenever possible, to communicate with the parties to complaints. This avoids delays and lost mail, and increases the efficiency of Division case processing. Therefore, you are required to provide an email address, if you have one, and to keep us advised of any change of your email address. The Division will not use your email address for any non-case related matters.*

Contact person *(Someone who does not live with you but will know how to contact you if we cannot reach you)*

| | |
|---|---|
| **Contact person's name:** | Nuala Balchan |
| **Contact person's telephone number:** | (914) 934-3250 |
| **Contact person's address** | 179 The Boulevard East, New Rochelle, NY 10801 |
| **Contact person's email address:** | nbalchan@gmail.com |
| **Contact person's relationship to me:** | Sister-in-law |

**2. Special needs:** I am in need of:
- ☐ Interpretation (if so what language?): _____
- ☐ Accommodations for a disability: _____
- ☐ Privacy. Keep my contact information confidential as I am a victim of domestic violence
- ☐ Other: _____

**3. Settlement / Conciliation:** To settle this complaint, I would accept:
*(Explain what you want to happen as a result of this complaint. Do you want a letter of apology, job offer, return to the job, an end to the harassment, compensation, etc.?)*
I would like to be transferred from my EHS department to another Lead department that would provide me with reasonable accommodations to continue working from home; I would like my personal leave time returned to me that I have been forced to take; I would like compensation for emotional pain and suffering that I am currently enduring due to the discrimination and retaliation by my supervisors; legal consultation fees.

**4. Witnesses *(information about witnesses may be shared with the parties as necessary for the investigation)*** The following people saw or heard the discrimination and can act as witnesses:

Name: Annette Abdelleh                                    Title Planning nd Logistics Coordinator
Telephone Number:  646    771    7502          Relationship to me: Co-worker
What did this person witness?
She witnessed that all the job tasks I was doing were taken away from me, email exchanges between me and my supervisor and virtual unit meetings.

Name: _____                                    Title:_____
Telephone Number: _____          Relationship to me: _____
What did this person witness?

**Additional Information, Page Two**

---

**5. Did you report or complain about the discrimination to someone else?**   ☑ Yes   ☐ No

---

**If yes, how exactly did you complain about the discrimination?** *(To whom did you complain?)*

I had a microsoft teams meeting with Patrick O'Hagan, Vice President of the Environmental and Safety Department, where I reported the need for my reasonable accommodations for my disability. I also expressed that I felt discriminated and retaliated against by Ms. Blagrove and Mr. Eweka.

---

**Date you reported or complained about discrimination:**

| 7 | 15 | 2021 |
|---|---|---|
| month | day | year |

---

**What happened after you complained?**

Mr. O'Hagan took no action to remedy the situation.

---

**If you did not report the discrimination, please explain why:**

---

**6. Were other people treated the same as you? How?**
   *(For example, people who were harassed by the same manager, disciplined or terminated for the same reasons, did not receive an accommodation for the same reasons, etc.).*
   *If you are complaining about discrimination relating to race, national origin, age, religion, etc. please describe their races, national origins, religions, etc.*

---

**7. Were other people treated better than you? How?**
   *(For example, people who were not fired for doing the same thing you were fired for, people who were doing the same job but making more money, etc.).*
   *If you are complaining about discrimination relating to race, national origin, age, religion, etc. please describe their races, national origins, religions, etc.*

---

**Addendum to SDHR Complaint for Romel Balchan @ 8/3/2021**

1.      I have been employed by the New York City Housing Authority (NYCHA), Environmental Health and Safety Department, in the Lead Hazard Oversight Unit (LOT), as an Associate Public Health Sanitarian level 2, since August 2019.  My position is also referred to as Lead Oversight Specialist.  I have over 10 years of experience in the Lead Poisoning Prevention Field, and I hold certifications as an EPA Lead Risk Assessor and in Renovation, Remodeling and Painting (RRP). My performance evaluations at NYCHA have been in good standing with no disciplinary incidents.

2.      I suffer from the disabilities of coronary artery disease, status post myocardial infarction, ischemic cardiomyopathy/congestive heart failure, asthma, prediabetes, and anxiety.

3.      I make this addendum in support of my disability discrimination and retaliation complaint and my employer's ongoing failure to reasonable accommodate my disabilities.

4.      I first provided information about my disabilities to my supervisor, Vincent Eweka, and the NYCHA human resources department on April 7, 2020, via email.  The email included an attached letter, dated April 7, 2020, from my doctor which indicated that I was at high risk for complications due to COVID-19 and that I should be accommodated by working from home.  I asked Mr. Eweka not to discuss my condition with anyone other than Director Ava-Gay Blagrove.

5.      Between April 7, 2020 and April 30, 2020, I worked remotely from home without any issue. However, on April 30, 2020, I was copied on an email that Mr. Eweka sent to Ms. Blagrove that stated, "As discussed Romel Balchan has been assigned to participate in the Temperature Screening Pilot."  In a phone conversation early that same day, Mr. Eweka informed me that Ms. Blagrove wanted me to do oversight of the temperature screening pilot process at NYCHA's Long Island City Main office. I was very surprised by this request since both administrators were aware of my high risk medical condition and remote accommodation request.  During a followup phone conversation with Mr. Eweka, I explained my fear about getting exposed to COVID-19 and reminded him about my high risk status.

6.      In an email dated May 1, 2020, to Mr. Eweka, copied to Ms. Blagrove and Human Resources, I stated, "After our conversation yesterday, I spoke to my doctor who stated due to my underlying health issues she wants me to continue to work from home.  I previously sent my doctor letter to you and Human resources documenting my health conditions and risk of covid complications.  I can continue to support our team from home."

7.      On or about the morning of August 3, 2020, Mr. Eweka informed me that I needed to go for a medical evaluation prior to being fit tested for my job-related exposure to lead.  In an email to Ms. Blagrove, I stated I need to speak to my doctor.  I was still working from home and not performing lead-related field inspections at that time.  I also had a great deal of fear and anxiety about going into any medical facility, for a non-urgent matter, where I could possibly be exposed to COVID-19 and suffer complications from the illness.

8.      From August 3, 2020, through July 8, 2021, I received assignments from my supervisor, Mr. Eweka, allowing me to work remotely from home.

9.      On June 25, 2021, NYCHA began rolling back workplace COVID-19 restrictions, such as permitting in-person meetings; permitting unlimited attendance in shared spaces; cutting back on building cleaning schedules; permitting staff to have shared meals; eliminating the "clean desk" policy; eliminating staff daily health screening; eliminating the requirement for staff to screen residents for their current health status or disinfect tools and surfaces during in-unit field work; and eliminating the requirement for vendors or groups using NYCHA facilities to submit safety plans.

10.     On July 1, 2021, NYCHA updated its return to office plan for remote employees, indicating that effective Monday, July 26, 2021, the central office occupancy would increase from 25% capacity to 50% capacity, with cohorts assigned by the department head/supervisor.

11.     On July 2, 2021, Mr. Eweka informed me that Ms. Blagrove wanted me to contact Human Resources for an update on my reasonable accommodation request.  I sent an email that day to Human Resources requesting an update.  My updated doctor's letter requested continuation of my remote work accommodations due to my risk for complications due to COVID-19.

12.     On July 8, 2021, in response to my inquiry, I received a Reasonable Accomodations approval letter from Human Resources via email.  The letter provided a time-limited approval of ninety days, which began on May 10, 2021, and would extend through August 6, 2021.  The letter also only approved me to work from home on days I would be expected to report to the office.  In contrast, the letter stated that on days I am required to conduct Lead Compliance Field Oversight Inspections, I was expected to utilize approved leave time if "unable to perform these tasks." However, I had not been scheduled to perform Lead Compliance Oversight Inspections since March 2020.

13.     I then forwarded the Reasonable Accommodation approval letter to Mr. Eweka on July 8, 2021.  During a phone conversation later that day, Mr. Eweka told me that Ms. Blagrove wanted me assigned to the field immediately to conduct daily inspections without any consideration of transitioning my current workload or creating an alternative schedule or assignment to accommodate my health condition.  I subsequently sent an email, dated July 8, 2021, to Mr. Eweka and Ms. Blagrove detailing all the reassigned work I was doing and how essential the work was to the LOT unit. Looking for support from my leadership team, I requested that the list of my responsibilities/job duties be forwarded to Human Resources.  However, I was told by Ms. Blagrove to send it to Human Resources myself.

14.     The following week, on July 12, 2021, Director Blagrove abruptly ended my workplace accommodations, reassigning my computer-based office tasks to other staff members and assigning me to work in the field to conduct daily lead-related inspections in public housing buildings.  During a phone conversation with Mr. Eweka, he stated Ms Blagrove directed him to assign me to the field today and for the rest of the week. I asked Mr Eweka to put this directive in writing which he refused. I also asked him to provide me with a weekly work schedule.  Mr Eweka refused. Therefore, I was forced to log in each day to confirm my assignment starting on July 13,

2021.

15.     On July 13, 2021, I notified Mr. Patrick O'Hagan, VP of the Environmental Health and Safety Department, that I felt I was being discriminated against and retaliated by Ms. Blagrove and Mr. Eweka due to my request for reasonable accommodations.  He responded by scheduling a virtual meeting for July 15, 2021, to address my allegations.

16.     During my July 15, 2021, virtual meeting with Mr. O'Hagan, I explained that I felt I was being retaliated against by Ms. Blagrove and Mr. Eweka for requesting work from home accommodations.  I explained that I felt my back was against the wall and I did not want to have to choose between my health and my job.  I also provided him with a background of information about the dynamics of the department and my concerns that Ms. Blagrove was singling me out because I previously had made a complaint to Mr. O'Hagan about her disrespectful and unprofessional behavior on December 22, 2020.  He informed me that reasonable accommodations are determined by Human Resources, not by my department.  However, according to NYCHA policies on reasonable accommodations, specific workplace accommodations are determined by the director of the program.  Mr. O'Hagan was pressuring me to make a statement if I believed Human Resources was retaliating against me; however, I told him I was not sure and could not answer that question.  When I took a moment to think about the question, muting my microphone, he accused me of having a lawyer in the room with me.  I then turned on my camera to show him I was alone.  At the end of the meeting, he advised me to make a complaint with the EEO.

17.     On Friday, July 16, 2021, I expected to be assigned to office work, based on the meeting notes from  the LOT unit meeting held on Tuesday, July 13, 2021. However, when I checked my email that morning, I discovered that Mr. Eweka assigned me to work in the field instead.

18.     On July 20, 2021, I emailed Mr. O'Hagan requesting a weekly schedule so that I can plan accordingly for my working vs. leave days.   He replied back that day stating Ms. Blagrave would make that determination.  Ms. Blagrave never sent me an advanced schedule.

19.     On July 23, 2021, I did not receive an email assignment indicating if I was assigned for the field or office when I logged into my email.  I was forced to use my personal time to cover the work day since I was not informed if it was an office or field day.

20.     On July 26, 2021, an email was sent out to the LOT unit by Mr. Eweka, stating he was going on vacation and that Sam Awelewa, an Associate Public Health Sanitarian level 2 assigned to Lead Oversight Inspections, would be covering for him and would be responsible for the administrative work during Mr. Eweka's absence.   Mr. Awelewa had never previously covered for our supervisor, Mr. Eweka, because that role was always assigned to me while I worked remotely from home due to my high-risk medical condition.   I responded to the email, requesting an explanation from Mr. Eweka as to why the coverage was not assigned to me.   Ms. Blagrave responded to my email instead, reiterating that  Sam would cover all of Vincent's work with the help of the new Deputy Director, Tyrone Gordils, and Planning and Logistics Coordinator, Annette Abdellah.

3

21.     On July 27, 2021, I did not receive a work assignment when I logged into my email.  I emailed Mr. Awelewa and Mr. Gordils for clarification.  I signed into the regularly scheduled morning meeting that ended up being canceled just before I was notified that my assignment was to the field for the day.  I then sent Mr. Gordils an email request for an advanced schedule.  He did reply with a schedule for the rest of the week (field work Monday through Thursday, office work on Friday).

22.     In Summary, I would like this ongoing discrimination and retaliation by my supervisors to stop. I would like my high risk medical condition to be taken seriously and reinstate my reasonable accommodations (work from home) status. This entire situation has put me in a state of high anxiety and created emotional pain and suffering.