UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROMEL BALCHAN,

                    Plaintiff,

    - against -

NEW YORK CITY HOUSING AUTHORITY,

                    Defendant.

21-cv-10326 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

    The plaintiff has moved, pursuant to Federal Rule of Civil Procedure 54(b), for entry of a final judgment on those claims dismissed by the Court's Memorandum Opinion and Order dated February 24, 2025 (ECF No. 67). See ECF No. 69.

    Rule 54(b) provides that the district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The decision to enter judgment under Rule 54(b) is left to the sound discretion of the district court. See Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997). Because of the general policy against piecemeal litigation and appeals, Rule 54(b) is to be used sparingly. See id.

    The FMLA interference claim that remains to be litigated arises from the same employment relationship and some of the

same incidents that gave rise to the claims that were dismissed. Indeed, the plaintiff "believes that his FMLA interference claim . . . is inextricably related" the claims that were dismissed. ECF No. 69 at 2. Partial judgment would therefore result in piecemeal appeals and the consideration of the facts of this case on two separate occasions by the Court of Appeals. There is no sufficient countervailing argument of hardship or prejudice in this case to warrant a piecemeal appeal. See Ginett v. Computer Task Grp., Inc., 962 F.2d 1085, 1092-93 (2d Cir. 1992).

Accordingly, the plaintiff's motion for entry of partial judgment pursuant to Rule 54(b) is **denied**.

The parties should file a joint pre-trial order, together with proposed voir dire requests, requests to charge, and motions in limine by **March 21, 2025**. Responses and objections are due by **March 28, 2025**. The parties are directed to appear for a final pre-trial conference on **April 8, 2025, at 11:00 a.m.** The parties should be ready for trial, with 48 hours' notice, by **April 25, 2025**.

SO ORDERED.

Dated:   New York, New York
         March 14, 2025

_____
John G. Koeltl
United States District Judge

2